UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES SMALL BUSINESS ADMINISTRATION as Receiver for HANAM CAPITAL CORPORATION,** | Civ. No. 14-888 (KM)(MAH) |
| Plaintiff, | OPINION |
| v. | |
| **AZAREL INC.,** d/b/a Tokyo Sushi, **JUNG KIM,** and **HWA SUP KIM,** | |
| Defendants. | |

**MCNULTY, U.S.D.J.:**

This matter comes before the Court on the unopposed motion of Plaintiff United States Small Business Administration ("SBA" or "Receiver"), as the Court-appointed Receiver for Hanam Capital Corporation ("Hanam"), for default judgment against Defendants, Azarel Inc., Jung Kim, and Hwa Sup Kim, pursuant to Fed. R. Civ. P. 55(b)(2). Docket No. 10 ("Pl. Br."). This action arises from a commercial loan that Hanam made to Azarel, on which Azarel defaulted. SBA appears only in its capacity as receiver for Hanam (and the Plaintiff is sometimes referred to herein as "SBA/Hanam"). For the reasons set forth below, I will enter a default judgment in the amount of $68,605.34, plus post-judgment interest from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

**I. BACKGROUND**

Defendant Azarel is a New York corporation with its principal place of business in Staten Island, New York. Azarel operates a restaurant, Tokyo Sushi, in Staten Island. Compl. ¶¶ 15–17. Defendant Youn Jung Kim is a domiciliary of Westfield, New Jersey. *Id.* ¶¶ 18–19. Defendants Hwa Sup Kim and Youn Jung Kim are the owners and managers of Tokyo Sushi. *Id.* ¶ 31; Pl. Br, Stern Aff. ¶ 13.

1

Hanam is a corporation organized under New York law that was licensed as a Small Business Investment Company ("SBIC") by the SBA on May 6, 1987. Compl. ¶¶ 8, 9. SBICSs, pursuant to the Small Business Investment Act ("SBIA"), 15 U.S.C. § 661 *et seq.*, are intended to "improve and stimulate the national economy and small business in particular, by stimulating and supplementing the flow of capital and loan funds" that small businesses "need for sound financing of their operations and growth." *Id.* ¶ 10.

This action is ancillary to the receivership proceedings, *United States of American v. Hanam Capital Corporation*, Civ. No. 12-6994, currently pending before me. On November 30, 2012, I entered a Consent Order in that action that placed Hanam into receivership and appointed the SBA as Receiver. Civ. No. 12-6994, Docket Nos. 2, 3. Accordingly, this Court has subject matter jurisdiction of this action pursuant to the Small Business Investment Act, 15 U.S.C. § 661, *et seq.* The Court has personal jurisdiction over the Defendants pursuant to 28 U.S.C. §§ 754 and 1692. The Consent Order imposed a blanket judicial stay and injunction of all civil actions concerning Hanam or its assets. On August 26, 2013, however, I issued an Order Partially Lifting the Blanket Judicial Stay for a Limited Purpose that allowed the Receiver to pursue Hanam's claims against the Defendants named in this action in order to liquidate Azarel's debt to Hanam.

SBA, as Receiver for Hanam, is seeking a money judgment based on a commercial loan made by Hanam to Defendant Azarel. On February 21, 2008, Hanam made a commercial loan to Azarel (the "Loan") in the principal sum of $50,000. Compl. ¶ 32. Azarel, as borrower and payor, made, executed, and delivered to Hanam, as lender and payee, a promissory note (the "Note"), to evidence the Loan, and a Loan Agreement that, along with the Note, governs and specifies the terms and conditions for the Loan and its repayment. *Id.* ¶¶ 33–34, Exhs. A, B. At the same time, to further secure the Loan, Azarel executed and delivered a Security Agreement dated February 21, 2008, pursuant to which Azarel granted Hanam a first priority security interest and lien in and against all assets and properties of Azarel. *Id.* ¶ 35, Exh. C. Pursuant to the Security Agreement, Azarel authorized the filing of a UCC-1 Financing Statement with the New York State Department of State on February 21, 2008 (filing number 200802218069832) and a UCC Continuation filed with the New York State Department of State by the SBA, as Receiver, on February 19, 2013 (filing number 201302138072392). *Id.* ¶ 36, Exh. D.

Also contemporaneous with the making of the Loan, Defendants Youn

Jung Kim and Hwa Sup, jointly and severally, made, executed, and delivered a Guaranty dated February 21, 2008, in favor of Hanam. *Id.* ¶ 37, Exh. E.

The Loan Agreement sets forth certain "Events of Default," the occurrence of which would constitute a default under the note. Exh. B ("Loan Agreement') Article XIV. The Note provides for a 15.25% interest rate per annum, Compl. ¶ 38, as well as late charge of $25 or 5%, whichever is greater, for any payment of principal or interest made more than ten days after the due date. *Id.* ¶ 39; Exh. A ("Note") at 1–2. A default interest rate of 7% per annum above the 15.25% face rate is also provided for in the Note. Note at 2.

According to SBA/Hanam, since November 19, 2012, no monthly installment on the loan has been paid when due or paid in the sum required. Each nonpayment of a required monthly installment constitutes a default under the Note. Stern Aff. ¶¶ 20, 26. According to the Complaint, all outstanding principal, accrued interest, and fees under the Loan became immediately due and payable on maturity, which was March 1, 2012. Compl. ¶ 46. Around November 12, 2012, Hanam received a partial payment, which was credited on the account of Azarel's outstanding loan balance. *Id.* ¶ 48. That payment was the last one received. By letter dated December 21, 2012, SBA notified Azarel and its president, Youn Jung Kim, that the SBA had been appointed Receiver of Hanam and that payments due to Hanam should be made payable to SBA, as Receiver. *Id.* ¶ 52. Thereafter, on March 1, 2013, SBA served written notice of default and demand on Azarel and Youn Jung Kim and requested the payment of all unpaid principal, interest, fees, and expenses on or before March 19, 2013. *Id.* ¶ 53. On April 24, 2013, the SBA served another written notice on Youn Jung Kim and Hwa Sup Kim at their residence requesting that all due amounts be paid by May 10, 2013. *Id.* ¶ 54–56. Despite these notifications, no further payments have been made.

The Complaint asserts three causes of action: (1) Breach of Payment under the Promissory Note; (2) Breach of Payment under the Loan Agreement; and (3) Breach of Payment under the Guaranty. SBA/Hanam requests that the Court enter a judgment in the amount owed on the loan, in the amount of $64,299.51, which includes: (1) $36,595.67 outstanding principal balance; (2) $489.23 in late charges, representing five percent of those monthly installment payments that became due and remained unpaid for more than ten days; (3) $11,329.89 in unpaid interest that accrued from February 19, 2010, through February 19, 2012 (741 days) at a rate of 15.25% per annum (a per diem rate of $15.29); (4) $15,884.72 in unpaid default interest that accrued from March

3

1, 2012 through the date of filing of the Complaint, February 11, 2014 (712 days), at the default interest rate of 22.25% per annum (default per diem rate of $22.31); and (5) $22.31 per day thereafter. Pl. Br. at 2. They also request that the Court adjudge Azarel, Youn Jung Kim, and Hwa Sup Kim to be jointly and severally liable, and direct each Defendant to pay Plaintiff the whole of the remaining debt and fees due and owed.

The Complaint was filed on February 11, 2014. Docket No. 1. The Summons and Complaint were served upon Defendants Youn Jung Kim and Hwa Sup Kim on February 24, 2014, Docket Nos. 6, 7, and upon Azarel, Inc. on March 19, 2014, Docket No. 5. Pursuant to Fed. R. Civ. P. 12(a)(1), Defendants had 21 days to respond to the Complaint; their time to respond expired on March 17, 2014 and April 9, 2014. Defendants have not answered, moved, or otherwise responded to the Complaint. At Plaintiff's request, the Clerk of Court entered default against the Defendants on April 22, 2014. On June 13, 2014, Plaintiff filed this motion for default judgment against the Defendants. Docket No. 10.

## II. DISCUSSION

### A. Legal Standard for Entry of Default Judgment

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher,* 03-cv-1969, 2006 WL 680533, at *1 (D.N.J. Mar.14, 2006) (citing Wright, Miller, Kane, 10A Federal Practice and Procedure: Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, CIV.A. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual

allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at * 2.

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Here, the Defendants were properly served and have failed to respond to the Complaint. Defendants' time to respond to the Complaint has long since expired. The clerk has entered default. Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. *See Gold Kist, Inc.*, 756 F.2d at 18–19.

I must now evaluate the following three factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir.1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

### B. Analysis

As to the first factor, I of course lack the benefit of submission by Defendants, but my independent review of the record does not suggest that Hanam's claims are legally flawed or that there is a meritorious defense to them. *See Doe*, 2013 WL 3772532, at *5. Accepting the factual allegations as true, I find that Plaintiffs have stated a claim for breach of the Note, License Agreement, and Guaranty.

Under New Jersey law, "[t]o state a claim for breach of contract, [a plaintiff] must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507

5

F.3d 188, 203 (3d Cir. 2007).[1] I am satisfied that SBA/Hanam has set forth legally sufficient claims of breach of contract—namely, breach of the Note, Loan Agreement, and Guaranty—and I cannot, from the limited materials before me, discern any meritorious defense.

The facts alleged in the Complaint, "other than those as to damages, are treated as conceded by" the defaulting Defendants. *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). Plaintiffs have set forth the elements necessary to show the existence of valid, enforceable contracts—the Note and Loan Agreement between Azarel and Hanam and the Guaranty signed by Youn Jung Kim and Hwa Sup Kim, the guarantors. The documents submitted show the existence of a commercial loan, evidenced by a Note and Loan Agreement that was executed and delivered by Azarel, the borrower. SBA/Hanam has alleged facts demonstrating that Azarel, Youn Jung Kim, and Hwa Sup Kim are bound by these contracts; that they are answerable for any breach or default by Azarel; that the Note and Loan Agreement were breached by nonpayment and that they remain in breach despite demands to cure; and that from the default flowed various monetary obligations that remain unpaid. Meanwhile, there are no facts before me indicating that Hanam did not perform its own obligations, which consisted mainly of funding the loan principal.

The second and third factors also weigh in favor of default. Defendants were properly served on February 24, 2014, and March 17, 2014, but have failed to appear and defend themselves in any manner. *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, CIV. 11-624 JBS/JS, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011). Defendants' time to answer or otherwise respond to the Complaint has long since expired and no extension of time was ever sought by any Defendant. Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in its default. There is nothing before the Court to show that the Defendant's failure to file an answer was not willfully negligent." *Id.* at *4 (citing *Prudential Ins. Co. of America v. Taylor*, No. 08–2108, 2009 WL 536403 at *1 (D.N.J. February 27, 2009) (finding that when there is nothing before the court to suggest anything other than that the defendant's willful negligence caused the defendant to fail to file an answer, the defendant's conduct is culpable and warrants default

---

[1] No conflict of law exists between New Jersey and New York law. A breach of contract claim under New York law requires: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996) (citation omitted).

judgment).

The only possible conclusion based on the record before me is that Defendants are liable for their failure to pay the amounts due and owing under the Note and Loan Agreement. Accordingly, I find that the entry of a default judgment is appropriate.

### C. Remedies

SBA/Hanam request that the Court enter judgment in the amount owed on the loan.

I calculate that sum as follows: (1) $36,595.67 of outstanding principal balance; (2) $489.23 in late charges, representing the 5% on those monthly installment payments that became due and remained unpaid for more than ten days, *see* Note at 2 ("Maker shall pay a late charge of twenty five ($25.00) dollars or five (5.0%), whichever is greater, of any payment of principal and/or interest made more than ten (10) days after the due date . . . ."); (3) $11,329.89 in unpaid interest that accrued from February 19, 2010 through February 19, 2012 (741 days) at a rate of 15.25% per annum (a per diem rate of $15.29), *see* Note at 1 ("together with interest thereon computer from the date hereof at the rate of 15.25% per annum"); and (4) $15,884.72 in unpaid default interest that accrued from March 1, 2012, through the filing of the Complaint on February 11, 2014 (712 days) at the default interest rate of 22.25% per annum (default per diem rate of $22.31), *see* Note at 2 ("Interest on the indebtedness evidenced by this note after default or maturity shall be due and payable at a rate of seven (7.0%) percent per annum above the face rate of this note [that being 15.25%] . . . ."); additional default interest that has accrued from February 12, 2014, though and including August 22, 2014, the date of the filing of this Opinion (an additional $4305.83).

Accordingly, judgment will be entered in the amount of $68,605.34 against Defendants, who will be jointly and severally liable. I will also exercise my discretion and grant post-judgment interest from the date of this Opinion, not at the default rate, but at the appropriate post-judgment rate pursuant to 28 U.S.C. § 1961.

7

## III. CONCLUSION

For the foregoing reasons, a default judgment will be entered in favor of Plaintiff Days Inns Worldwide, Inc., in a total amount of **$68,605.34**, to be paid jointly and severally by Defendants, along with post-judgment interest from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

A written Order and Judgment will be entered separately.

_____
**KEVIN MCNULTY**
**United States District Judge**

Dated: August 22, 2014